IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DAREX ANTONIO CHESTER                                        PETITIONER

VS.                                           CIVIL ACTION NO. 5:18cv36-DCB-FKB

CLIFTON KAHO, WARDEN                                      RESPONDENT

**REPORT AND RECOMMENDATION**

Darex Antonio Chester is a state prisoner who seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as untimely. Chester has filed no response to the motion.

Chester was convicted in the Circuit Court of Pike County, Mississippi, of four counts of unlawful sale of controlled substances. He was sentenced as a habitual offender and a prior drug offender to 60 years each on Counts I and II and 40 years each on Counts III and IV, all sentences to run concurrently, without eligibility of parole or probation. The Mississippi Court of Appeals affirmed Chester's convictions and sentences on May 1, 2014. *Chester v. State*, 201 So. 3d 506 (Miss. Ct. App. 2016). His petitions for rehearing and for certiorari to the Mississippi Supreme Court were denied on October 6, 2016. He filed no petition for writ of certiorari to the United States Supreme Court. On January 4, 2017, Chester filed with the Mississippi Supreme Court an application for leave to seek post-conviction relief. The application was denied on January 25, 2017. Chester's § 2254 petition was filed with this court on or after April 12, 2018.[1]

---

[1] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401, 196 F.3d 1259 (5th Cir. 1999). Chester's petition was signed on April 12, 2018, and it was file-stamped by this court on April 18, 2018. Thus, it was filed sometime between these dates.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because Chester did not petition the United States Supreme Court for a writ of certiorari, his judgment became final when his 90-day period for doing so expired, *i.e.*, on January 4, 2017 (90 days after denial of the petition for certiorari to the state supreme court). *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) ("[A] state prisoner's conviction becomes final for purposes of § 2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the

2

Supreme Court has expired.")  Chester had one year from that date, or until January 4, 2018, in which to file for federal habeas relief, subject to tolling under § 2244(d)(2) for any period during which a properly-filed motion for post-conviction relief was pending in the state court.  Under § 2244(d)(2), Chester is entitled to 22 days of statutory tolling for the time period during which his state court post-conviction action was pending (January 4, 2017, through January 25, 2017).  Thus, his one year expired on January 26, 2018 (one year from January 4, 2017, plus 22 days).  Chester has not shown that he is entitled to any further tolling or that any other exception applies.  Therefore, his federal petition, filed on or after April 12, 2018, is untimely.

Accordingly, it is recommended that the motion to dismiss be granted and the petition be dismissed with prejudice.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 10th day of December, 2018.

s/ F. Keith Ball
United States Magistrate Judge
