IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


DAREX ANTONIO CHESTER                                        PETITIONER

V.                                CAUSE ACTION NO. 5:18-cv-36-DCB-FKB

PELICIA HALL, Commissioner of MDOC                            DEFENDANT


<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

This cause is before the Court on Petitioner Darex Antonio Chester ("Chester")'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 **[Doc. 1];** on Defendant Commissioner of Mississippi Department of Corrections ("MDOC") Pelicia Hall ("Hall")'s Motion to Dismiss [Doc. 6] the petition as untimely pursuant to 28 U.S.C § 2244(d); on United States Magistrate Judge F. Keith Ball's Report and Recommendation **[Doc. 7];** on Chester's "Rare and Exceptional Circumstances to Warrant Equitable Tolling" [Doc. 8]; and on Hall's Response in Opposition [Doc. 10].

Chester filed a "Rare and Exceptional Circumstances to Warrant Equitable Tolling" ten (10) days[1] after the Report and Recommendation was entered. Because this filing occurred within

---

[1] "Under the 'mailbox rule', a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." <u>Coleman v. Johnson</u>, 184 F.3d 398, 401 (5th Cir. 1999)(citing <u>Spotville v. Cain</u>, 149 F.3d 374, 376-78 (5th Cir. 1998)). Chester's "Rare and Exceptional Circumstances to Warrant Equitable Tolling" was stamped as Approved Legal Mail on December 20, 2018. Doc. 8-2. Therefore, Chester's filing is deemed filed on December 20, 2018.

the fourteen (14) day limit to file an Objection, the Court interprets his filing as an Objection to the Report and Recommendation. This Court ADOPTS the Report and Recommendation and DISMISSES the action WITH PREJUDICE.

## Background

Chester was convicted in the Circuit Court of Pike County, Mississippi, of four counts of unlawful sale of controlled substances. Chester was sentenced as a habitual offender and a prior drug offender to sixty (60) years each on Counts I and II. Doc. 6-1. He was also sentenced to forty (40) years each on Counts III and IV. Id. All his sentences run concurrently, without eligibility of parole or probation. Id. On February 16, 2016, the Mississippi Court of Appeals affirmed Chester's convictions and sentences. Chester v. State, 201 So. 3d 506 (Miss. App. 2016); see Doc. 6-5. His petition for rehearing was denied on July 19, 2016. Id. His petition for writ of certiorari to the Mississippi Supreme Court was denied on October 6, 2016. Chester v. State, 203 So.3d 1132 (Miss. 2016). Chester filed no petition for writ of certiorari to the United State Supreme Court. On January 4, 2017, Chester signed an "Application for Leave to Proceed in the Trial Court" and a "Motion for Post-Conviction Collateral Relief", which were stamped as filed on January 6, 2017. Doc. 6, p.4; Doc. 6-6. The Mississippi Supreme Court denied the application on January 25,

2017. Doc. 6-7. Chester filed his § 2254 petition with this Court on April 12, 2018.[2]

## Analysis

There is a one-year statute of limitation for petitions for writs of habeas corpus under § 2254. 28 U.S.C. § 2244(d); see Holland v. Fla., 560 U.S. 631, 645 (2010). A state prisoner's conviction becomes final for purposes of § 2244 ninety (90) days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003); see Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998). Therefore, Chester's judgment became final when the ninety (90) day period for filing a petition for writ of certiorari to the United States Supreme Court expired. The 90-day period started when Chester's writ of certiorari to the Mississippi Supreme Court was denied on October 6, 2016. Therefore, the 90-day period expired on January 4, 2017. Chester had one year from that date, or until January 4, 2018, in which to file for federal habeas relief, subject to tolling under § 2244(d)(2): "The time during which a properly filed application

---

[2] "Under the 'mailbox rule', a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999)(citing Spotville v. Cain, 149 F.3d 374, 376-78 (5th Cir. 1998)). Chester's petition was signed on April 12, 2018. Doc. 1. The envelope was stamped as Approved Legal Mail on April 12, 2018. Doc. 1-2. Therefore, Chester's petition is deemed filed on April 12, 2018.

for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Chester was afforded twenty-two (22) days of statutory tolling of his application to the Mississippi Supreme Court, beginning on January 4, 2017, and denied on January 25, 2017. Therefore, the statute of limitations for Chester's habeas corpus petition ended on January 26, 2018 —- one year and 22 days from January 4, 2017.

Following Judge Ball's Report and Recommendation, Chester filed an Objection [Doc. 8], and Hall responded in opposition [Doc. 10].

A state prisoner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Fla., 560 U.S. 631, 649 (2010). The diligence standard for equitable tolling is reasonable diligence. 560 U.S. at 653 (internal citations omitted). To qualify for equitable tolling, Chester's failure to satisfy the statute of limitations must result from some external factors beyond his control. In re Wilson, 442 f.3d 872, 875 (5th Cir. 2006)("Equity is not intended for those who sleep on their rights.")(citing Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999)). Pro se status, illiteracy, deafness, and lack of legal training are not

external factors excusing abuse of the writ. <u>Felder v. Johnson</u>, 204 F.3d 168, 171 (5th Cir. 2000)(internal citations omitted).

Chester states that he timely submitted his petition for writ of habeas corpus on May 8, 2017, to his attorney "L.V. Williams." Doc. 8, p.2. Chester claims that "through circumstances unknown," the Mississippi Department of Corrections ("MDOC") Deputy Commissioner of Institutions Jerry Williams ("DCI Williams") received the habeas corpus petition. <u>Id.</u> Chester asserts he had never received his petition from "D.C.I. Williams _ _ _." Doc. 8, p.3. Therefore, Chester claims he had no knowledge that his habeas corpus petition was not filed until Chester had received "'Notice' Pursuant to 'Document G' Dated' May 21, 2018." <u>Id.</u> Chester asserts that he does not have a "legal eye" and that he wasted no time filing his habeas corpus. <u>Id.</u>

Hall argues that Chester's allegations are defeated by the information submitted by Chester to this Court in his own filings in this case. Doc. 10, p.5. Chester filed his federal habeas corpus petition <u>pro</u> <u>se</u>, which was signed on April 12, 2018[3]. Doc. 1, pp.24-5. Hall contends that Chester's claim that Chester was unaware that a habeas petition was not filed on his behalf until he received notice in the Motion to Dismiss [Doc. 6] in this case

---

[3] <u>See</u> mailbox rule in Footnote 1.

"is clearly refuted by the fact that Chester filed the petition over a month prior to that date." Doc. 10, p.5; see Docs. 1, 8.

Hall also argues that a letter from Chester's attorney [Doc. 8-1, p.6.], which Chester attached to his Objection [Doc. 8], refutes any claim that Chester was actively misled or believed his habeas petition was filed prior to his pro se filing. In the letter, dated November 7, 2017, his attorney mentions a "preliminary look through." This letter shows that a preliminary look through was conducted months after the date Chester alleges he expected his habeas petition was filed by his attorney.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA"). Although Chester has not yet filed a notice of appeal, the Court nonetheless addresses whether he is entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (2000)("It is perfectly lawful for district court[s] to deny COA sua sponte."). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires an overview of the claims in the habeas petition and a general assessment of the claims' merits. Miller-El v. Cockrell, 537 U.S. 322, 326 (2003). The ultimate question is whether reasonable

jurists would find the district court's assessment of the constitutional claims debatable. Id.; see Slack v. McDaniel, 529 U.S. 473, 484 (2000). To prevail on an application for a COA, Chester must make a "substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(internal citations and quotations omitted). "The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds." Slack, 529 at 484. The standard for when a court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim is the following standard: "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. The Fifth Circuit provides the following analysis as well:

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that

> the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Id. The above described scenario fits the facts of this case. The statute of limitations for filing a federal habeas petition clearly expired before Chester filed his pro se federal habeas petition — even with the allotted § 2244(d)(2) tolling. Chester is not entitled to any further equitable tolling. Therefore, after considering the entire record, the Court concludes that jurists of reason would not debate whether Chester stated a valid claim for relief or whether a procedural ruling in this case is correct.

Accordingly,

IT IS ORDERED that Magistrate Judge Ball's Report and Recommendation **[Doc. 7]** is ADOPTED;

IT IS FURTHER ORDERED that Darex Antonio Chester's Motion Under 28 § 2254 **[Doc. 1]** is DENIED, and his Objection **[Doc. 8]** is DENIED, and this matter is DISMISSED WITH PREJUDICE; and

IT IS FURTHER ORDERED that Darex Antonio Chester is DENIED a Certificate of Appealability.

SO ORDERED this the 29th day of January, 2019.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE